**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4755**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS L. JACOBS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (3:04-cr-00190-LHT-2)

_____

Submitted:  June 27, 2007        Decided:  July 17, 2007

_____

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

R. Edward Hensley, Jr., Maggie Valley, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Kenneth Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas L. Jacobs appeals his convictions and sentence to 30 months in prison, restitution, and three years of supervised release following his guilty plea to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (2000), wire fraud in violation of 18 U.S.C. §§ 2, 1343 (2000), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2000), money laundering in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A) (2000), and two counts of money laundering in violation of 18 U.S.C. §§ 2, 1956(a)(1)(B) (2000). Jacobs contends the Government's conduct surrounding the entry of his guilty plea gave rise to an inference of bad faith, and the district court erred in denying his motion to withdraw his guilty plea without eliciting sworn testimony on the issue. Finding no error, we affirm.[*]

A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "The most important consideration in resolving a

_____

[*]Although the Government contends this appeal should be dismissed as barred by Jacobs's appellate waiver covering the Government's substantial assistance decision, see United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005), we conclude the issues raised by Jacobs fall outside the scope of that waiver and within an exception for prosecutorial misconduct claims.

2

motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003). A properly conducted guilty plea colloquy raises a strong presumption that the plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Based on our review of the record, we conclude the district court did not abuse its discretion in denying Jacobs's motion to withdraw his guilty plea. In his motion, Jacobs alleged that the day before entering his guilty plea, he was told by the Government that he would be called as a witness against his co-defendant and could receive a sentence reduction for substantial assistance, but the day after entering his plea, the Government informed him that he would not be called as a witness. Jacobs contended he would not have pled guilty but for the Government's promise, and his plea was not knowing or voluntary. The Government filed a response in opposition, and the magistrate judge who had accepted Jacobs's guilty plea held a hearing on the motion.

The Government acknowledged expressing interest in using Jacobs as a witness but denied making any promises. Moreover, the Government had always made it clear that any use of Jacobs as a witness was conditional on him being forthright and giving truthful and complete information. At the third meeting with Jacobs, the Government concluded he had not and would not provide complete and

truthful information, and the Government had to prepare its case against Jacobs's co-defendant without him.

Jacobs's claims were further contradicted by his plea agreement and guilty plea colloquy conducted in compliance with Fed. R. Crim. P. 11. The plea agreement provided that if requested by the Government, Jacobs agreed to assist the Government by providing truthful information and testimony. If any assistance was substantial, the Government agreed it may move for a sentence reduction, but the Government retained the sole discretion to determine whether the assistance was substantial or whether Jacobs had provided false information. At his Rule 11 hearing, Jacobs affirmed that he understood and agreed to the terms of his plea agreement, and other than those terms, no one had made any promises of leniency or light sentence to induce him to plead guilty. The magistrate judge found Jacobs's plea was knowing and voluntary.

At the hearing on his motion to withdraw the plea, both Jacobs and his counsel were given the opportunity to speak in support of the motion. The magistrate judge denied the motion, and the district court denied Jacobs's appeal of the decision. At sentencing, Jacobs stipulated that there was a factual basis for his guilty plea, and the district court entered a verdict of guilty. Jacobs did not object when the Government failed to move for a sentence reduction based on substantial assistance, and neither party objected to the presentence report. The district

4

court sentenced Jacobs to the low end of his advisory guideline range.

On appeal, Jacobs contends that the Government's conduct surrounding the entry of his guilty plea gave rise to an inference that it acted in bad faith and for unconstitutional purposes, and the district court erred in failing to elicit sworn testimony on the issue of bad faith and relying on only oral argument when deciding his motion to withdraw his plea. We conclude that these issues are without merit. Jacobs neither alleged any actual bad faith in the district court nor requested that sworn testimony be taken at his hearing on the motion to withdraw his plea. Moreover, Jacobs was not entitled to an evidentiary hearing on the issue because he failed to make a substantial threshold showing that the Government acted for improper reasons. See Wade v. United States, 504 U.S. 181, 186-87 (1992). Finally, even if Jacobs had made such a showing, the hearing afforded him was sufficient under the facts and circumstances of this case. See United States v. Knights, 968 F.2d 1483, 1487 (2d Cir. 1992) (noting that the kind of hearing required, "whether it be merely oral argument or should include a formal evidentiary hearing is a matter that lies within the sound discretion of the district court").

Accordingly, we affirm Jacobs's convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED